IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| AUGUSTA VIDEO, INC., | * | |
| Plaintiff, | * | |
| vs. | * | CIVIL ACTION NO. CV 102-094 |
| AUGUSTA-RICHMOND COUNTY, GEORGIA; AUGUSTA-RICHMOND COUNTY COMMISSION, | * | |
| Defendants. | * | |

## ORDER FOR ENTRY OF JUDGMENT

The captioned matter came before the Court on August 17, 2009 for a bench trial on the issue of the assessment of damages for the period of April 11, 2002, through July 18, 2002, as required by this Court's Order of March 24, 2009. At the conclusion of the two-day bench trial on August 18, 2009, the Court orally entered into the record the findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52 in narrative form. Naturally, such a decision might be more artfully stated given the opportunity and time to review and polish successive drafts of findings and conclusions. However, under the circumstances, it is my view the parties and the public are best served by an immediate

DHB (34)  CCC:

decision which may be more easily understood by all when expressed in a conversational way.

As stated, the bench trial was conducted to determine the measure of compensatory damages to which the Plaintiff, Augusta Video, Inc., was entitled during the ninety-nine day period between April 11, 2002 and July 18, 2002 during which it was legally entitled to operate its business. That measure of damages involved an assessment and computation of Augusta Video's lost profits during that time period. As with any compensatory damages claim, a damages award is not imposed to penalize the Defendant. Rather, an award must be justified by a preponderance of the evidence as full, just, and reasonable compensation for all of the Plaintiff's damages, no more and no less. Lost profits are recoverable where the type of business and a history of profits make the calculation of profits reasonably ascertainable. To recover lost profits, the Plaintiff must provide information or data sufficient to enable the trier of fact to estimate the amount of loss with reasonable certainty. Ordinarily, lost profits may be recovered by a business only if the business has a proven "track record" of profitability.

In the instant case, Augusta Video was open for business for 332 days in the calendar year 2003. Thus, it has a track

record of profitability. As explained in my oral findings and conclusions, it is my view that the Plaintiff's tax return, Form 1120S, Defendant's Exhibit No. 11, is an important guidepost in assessing lost profits. Another word should be said about this Form 1120S. Obviously, the tax return is not a "source" of information. The return is a compilation and reiteration of the data supplied to the accountant by Plaintiff's management. The so-called Quick Book data upon which the tax return was based is also the basis upon which both expert witnesses in this case have formed their opinions. While I see nothing to exalt the accuracy of the tax return beyond the typical circumstances involving the introduction of tax documents in a courtroom, there is no evidence in the record to attack its bona fides, apart from Mr. Woodward's criticism of the inventory figures reported therein (to which I have already spoken). I have already made comments about the tax return being made under penalty of perjury, but there are other incentives for accuracy in a return by a taxpayer. I have no reason to think that Augusta Video and its sole shareholder, Mr. Evgueni Souliaguine, whom we know as Mr. John, had any incentive other than that of the typical taxpayer, i.e., to avoid payment of taxes by maximizing allowable deductions (stated as business expenses). Here, it

certainly seems that Augusta Video, through Mr. John, has done so. Further, the amount of gross sales of the business went unimpeached throughout the trial. While there is, in fact, no perfect way of knowing with precision whether the amount of gross sales stated in the return was accurate, there was no evidence to the contrary. Accordingly, it is my view and finding that the tax return, with the few modifications already discussed, is the best and most accurate depiction of the profits of this business throughout the track record year of 2003.

Upon reviewing my notes after entering my findings and conclusions on the record, I have discovered that there is one disputed issue that was not sufficiently addressed in my earlier oral statement. I will address this issue as follows:

The Defendant's certified public accountant, Mr. William H. Woodward, is no doubt correct that in many corporations, especially those of significant size, one would expect to find that the officers of the company are paid a salary. However, in this case, we know that Augusta Video is a relatively small Subchapter S corporation wholly owned by Mr. John. Acting through Mr. John as its officer and owner, Augusta Video elected not to provide Mr. John with a salary. Instead, Mr. John was rewarded for his efforts and his investment through the corporation's attributions of its profits to him using a

K-1 form, which Mr. John received as the company's sole shareholder.

Mr. Woodward's analysis would have the Court reduce the profits earned by Augusta Video throughout the "track record" period by an amount of executive compensation imputed to Mr. John. Mr. Woodward testified that Mr. John should have paid himself around $90,000.00 for the services he performed during the year 2003. The profits of the business would thus be correspondingly reduced. Mr. Woodward testified that the resulting reduction in profits would provide a more accurate exemplar of the profits Augusta Video would have made if it had been allowed to operate for the time period at issue. However, no such salary was ever paid to Mr. John, and there is no evidence from which I could reasonably find that Mr. John would have been paid any salary if the Plaintiff had been allowed to operate over the ninety-nine day period. Therefore, Mr. Woodward's analysis would have the Court reduce the "lost profits" of Augusta Video (in effect punishing Mr. John as sole shareholder of Augusta Video, Inc.) for failing to pay a salary to Mr. John. Such a result and reduction is inappropriate here. Justice and common sense preclude the reduction of damages owed to Augusta Video, and correspondingly to Mr. John, by the amount of an imputed salary which he never received. Once again, this may be an

issue extant between Mr. John and the Internal Revenue Service, but it is not appropriate for calculation of the damages at issue in this proceeding.

When making my findings and conclusions orally from the bench, I endeavored to separately state them, but necessarily in a highly narrative form. While the expression of these findings of fact and conclusions of law may be less than ideal or even inartfully made, those oral findings and conclusions, expanded by these statements made in this Order for Entry of Judgment provide the basis upon which the resulting award to the Plaintiff was made.

Upon the foregoing, **IT IS HEREBY ORDERED AND ADJUDGED** that the Clerk shall enter judgment in favor of the Plaintiff and against the Defendant whereby the Plaintiff shall have and recover of the Defendant the sum of $130,940.90.*

**ORDERED ENTERED** at Augusta, Georgia, this 25th day of August, 2009.

UNITED STATES DISTRICT JUDGE

---

* The issue of prejudgment interest will be addressed by an amendatory order which will issue after I have seen the parties' submissions on that subject.