IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

AUGUSTA VIDEO, INC.,

    Plaintiff,

vs.

AUGUSTA-RICHMOND COUNTY,
GEORGIA; AUGUSTA-RICHMOND
COUNTY COMMISSION,

    Defendants.

CIVIL ACTION NO.
CV 102-094

## O R D E R

On August 17, 2009, the captioned matter came before the Court for a bench trial on the issue of the assessment of damages for the period of April 11, 2002, through July 18, 2002 (hereinafter the "loss period").[1] At the conclusion of the bench trial, the Court orally entered into the record the findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52 in narrative form. At that time, and thereafter through a written Order dated August 25, 2009, judgment was entered in favor of the Plaintiff and against Defendants in the amount of $130,940.90.

The Court deferred the issue of prejudgment interest.

---

[1] See Order of March 24, 2009, granting Defendants' motion for partial summary judgment.

The parties subsequently filed their respective briefs addressing the propriety of awarding Plaintiff prejudgment interest on its $130,940.90 award. Plaintiff seeks an award of prejudgment interest from the last day of the loss period (July 18, 2002) to the date of judgment (August 26, 2009). Defendants oppose the award of prejudgment interest in its entirety. Upon due consideration, the Court finds Plaintiff is not entitled to an award of prejudgement interest for the following reasons.

Prior to trial, Plaintiff submitted an expert report stating that its damages for the relevant time period totaled $204,614.56, which included both "carrying costs" and estimated lost profits. In calculating its lost profits, Plaintiff's experts used a 99-day exemplar period when the business was actually open. Defendants submitted an expert report opining that Plaintiff's damages were only $32,444.27.

With the parties so far apart in their estimation of damages, this Court heard testimony from the experts and Plaintiff's sole shareholder, Evgueni Souliaguine, over a two-day period. Ultimately, I concluded that Plaintiff's tax return filed in relation to the time it was actually open for business was the best indication of its "track record" for

purposes of determining lost profits.[2] This resolution was not as easily reached as that conclusion may otherwise indicate. The experts disputed many aspects of the other's opinions. For example, the defense expert insisted that the lost profits be reduced by an amount of executive compensation imputed to Mr. Souliaguine. Further, Defendants' expert utilized a longer time period than Plaintiff's expert in estimating the amount of expenses for the loss period. In short, the Court's arrival at the amount of its compensatory award was not a methodical and determinate exercise.

This case was litigated under 42 U.S.C. § 1983. This statute does not provide for an award of prejudgment interest; thus, "traditional equitable principles govern the award of such compensation." ATM Express, Inc. v. Montgomery, Ala., 516 F. Supp. 2d 1242, 1252 (M.D. Ala. 2007) (citing Bricklayers' Pension Trust Fund v. Taiariol, 671 F.2d 988, 988 (6th Cir. 1982)). Prejudgment interest is therefore not mandated for successful § 1983 claims, Haspel v. Davis Milling & Planting Co. v. Board of Levee Comm'rs of the Orleans Levee Dist., 2007 WL 679004, *3 (E.D. La. Feb. 28, 2007) (citation omitted); rather, such award is left to the sound discretion of the trial court, id.; see Osterneck v. E.T. Barwick Indus.,

---

[2] Carrying costs were not awarded.

Inc., 825 F.2d 1521, 1526 n.8 (11th Cir. 1987).

In Osterneck, the Eleventh Circuit declared that "because the award of prejudgment interest is compensatory rather than punitive, the award must be 'tempered by an assessment of the equities.'" 825 F.2d at 1536 (quoted source omitted). The United States Supreme Court listed several factors that should be considered such as the necessity to fully compensate the plaintiff for its injuries, the degree of the defendant's culpability, any delay in prosecuting the action, and "other fundamental considerations of fairness." Osterneck v. Ernst & Whinney, 489 U.S. 169, 176 (1989). The Court noted that this list is not mandatory or exhaustive; it merely demonstrates "that the inquiry involves issues intertwined to a significant extent with the merits of the underlying controversy." Id. at 176 n.2.

The merits of the instant case have been litigated for seven and a half years and through four appeals to the Eleventh Circuit. In the case, Plaintiff challenged the constitutionality of not only the original zoning ordinances but the Summer 2002 Amendments and the current ordinances. It was only after the Eleventh Circuit's September 6, 2007 mandate that Plaintiff's grandfather status into the B-2 zone

was recognized.[3] Even with the September 6, 2007 mandate in hand, Plaintiff still had to establish that its location complied with the setback requirements of the original zoning ordinance. It took another Eleventh Circuit ruling, on October 22, 2008, to establish this fact without the necessity of a trial. That is, Plaintiff's compliance with the setback requirements of the original zoning ordinance was established only through Defendants' response to a request for admission, which was allowed to stand following the October 22, 2008 mandate.

This Court's grant of partial summary judgment limited Plaintiff's case to the loss period. (See Order of March 24, 2009.) Again, Defendants' liability for this loss period was only established through Defendants' response to a request for admission. And, as explained above, the computation of damages for the loss period involved a two-day bench trial and a battle of experts. In short, Plaintiff's claim for deprivation of constitutional rights has been severely curtailed to the short loss period, and Defendants' liability has been far from certain.[4]

---

[3] Plaintiff did not prevail, however, with respect to its claims attacking the constitutionality of the current ordinances.

[4] The Court also notes that any award in this case will be paid from public money, a consideration in balancing the equities.

Under these circumstances, the equities weigh against an award of prejudgment interest in the case. See <u>ATM Express, Inc.</u>, 516 F. Supp. 2d at 1252-53 (finding an award of prejudgment interest in a § 1983 case to be inappropriate where the plaintiff's lost profits were "estimated and speculative"). Of course, pursuant to 28 U.S.C. § 1961, Plaintiff is entitled to receive post-judgment interest.

The Clerk is hereby directed to re-enter judgment in this case, in accordance with the Order of this Court of August 25, 2009, in favor of Plaintiff and against Defendants, in the amount of $130,940.90 together with any accrued post-judgment interest at the applicable federal rate. An award of pre-judgment interest is expressly disallowed. Plaintiff shall have thirty (30) days from the entry of this new judgment in which to file an appeal.

**ORDERED ENTERED** at Augusta, Georgia, this 26th day of January, 2010.

UNITED STATES DISTRICT JUDGE